GIBBS vs UNITED STATES.

Opinion rendered September 26, 1907.

(104 S. W. Rep. 583).

1. *Criminal Law—New Trial—Grounds—Nature of Evidence.*
    On a motion for a new trial, affidavits which are made up of negative statements and conclusions which do not rise to the dignity of cumulative evidence are not entitled to consideration as newly discovered evidence.

2. *Intoxicating Liquors—Prosecution—Sufficient Evidence.*

> Evidence was considered and held sufficient to sustain a conviction in a prosecution for the selling of intoxicating liquors.

Appeal from the United States Court for the Central District of the Indian Territory; before Justice W. H. H. Clayton, May 26, 1906.

Ben Gibbs was convicted of selling intoxicating liquor, and appeals. Affirmed.

*George Fitzpatrick,* for appellant.

*Thos. B. Latham,* U. S. Atty., and *James E. Gresham,* Asst. U. S. Atty.

LAWRENCE, J. November 22, 1905, appellant was indicted, in two counts; one for selling and giving away, in said central district, intoxicating liquor, and the other for disposing of intoxicating liquor in same district. He was arraigned and pleaded not guilty; was tried to a jury, which returned a verdict of guilty in manner and form as charged in the indictment. A motion for new trial was filed by appellant, and as grounds therefor says the verdict is not sustained by the evidence; the verdict is contrary to the evidence; newly discovered evidence. The motion was overruled, and judgment was rendered on the verdict that appellant serve six months in the United States jail at Ft. Smith, Ark., and pay a fine of $10 and the costs of prosecution. From this judgment he appeals and assigns two errors; one that the evidence did not sufficiently show that defendant had been disposing of intoxicating liquors, and the other that the court erred in overruling defendant's motion for new trial.

The newly discovered evidence set up as ground for new trial consists of affidavits of three persons, made up of negative statements and conclusions, and they do not even rise to the dignity of cumulative evidence, and are not entitled to any consideration as newly discovered evidence. A reading of the evidence adduced at the trial indicates that a jury of

ordinary intelligence would have difficulty in concluding the defendant was not guilty of both charges in the indictment. It shows that defendant was running a low gambling house upon a Sunday, and that he furnished his patrons with intoxicating liquor, and also sold it to them on that occasion. A pretense was made to have it appear that a negro woman, sister of appellant, who was proprietress of a near-by place, called by the witnesses "a beer joint," brought in the liquor, or sent it in, and it was drank and the money placed upon a table in the gambling house. We fail to find the semblance of error in this record. No complaint is made of the ruling of the court upon the evidence, or upon its instruction to the jury. It is, however, insisted in the argument that the prosecuting witness, Jack Owens, failed to testify that he bought beer of defendant within three years before the return of the indictment, or where he purchased, thereby being an omission of time and place of purchase. However, the record shows that this witness stated that defendant conducted a gambling house and restaurant in the town of Gowan, Ind. Ter. The buildings were separate, about 10 feet apart. That he went there on a Sunday in October or November, 1905, and asked defendant if he had any beer. "He said to me, 'I will see,' and went out of the house toward the restaurant, and not over five minutes afterward returned and said, 'It will be here in a few minutes,' and immediately a colored woman brought it in, a half-gallon cup of Choctaw beer," which witness drank and swore it was intoxicating. He also stated that he laid 20 cents on the table, and that he does not know who took it. He says that others came in the place, and all remained, drinking and gambling, until a late hour in the evening. He did not know where the beer came from, except some of it was passed through the window. Another witness, Pete Holvey, corroborated Owens in every particular; that he went there at 10 o'clock on Sunday, in October or November, 1905,

and remained there all that day, drinking and gambling. Owens, in his testimony, stated specifically that this occurred in the Central district of the Indian Territory. This was all the testimony on part of the government. The appellant went upon the witness stand in his behalf and admitted the occurrences related by the government witnesses; that he went out of the house and called to a woman across the street that a man wanted some beer; that she brought it over, as stated by Owens. He stated that he had no interest in the beer, and did not receive any money for it; that he was not then running the gambling house, and had rented it to an old man. He said he was running a restaurant near by, and his sister was working there. This was all the testimony in the case. The jury saw and heard the witnesses, and found against the appellant on both counts, and this court cannot say it was not supported by the evidence.

The court committed no error in overruling the motion for a new trial and in rendering judgment. Therefore the same is affirmed.

GILL, C. J., and TOWNSEND, J., concur.